United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10272
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRAY ANTWON DRONES, also known as
Tyray Antwoon Drones,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-64-1-Y

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

Tyray Antwon Drones pleaded guilty to assault of a federal law
enforcement agent causing bodily injury in violation of 18 U.S.C.
§ 111.  Drones argues that the district court erred in applying
U.S.S.G. § 2A2.2, the aggravated assault guideline, to determine
his base offense level.  Drones further argues that the district

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in enhancing his sentence pursuant to § 2A2.2(b)(2)(C) on the ground that the use of a dangerous weapon had been threatened.

This court reviews the district court's findings of fact at sentencing for clear error and its application of the sentencing guidelines de novo. *United States v. Anderson*, 174 F.3d 515, 524 (5th Cir. 1999). Because Drones's assault involved both the presence of a dangerous weapon, Michael Duncan's service firearm, and the intent to cause bodily injury with that weapon, the district court did not clearly err in finding that his offense constituted aggravated assault. *See* § 2A2.2, comment. (n.1). The district court could (and did) properly infer Drones's intent to do bodily harm with Duncan's firearm from Drones's actions – lunging at Duncan, hitting Duncan about the head, and grabbing Duncan's firearm with both hands in an attempt to gain control of the weapon, in addition to Drones's initial attack upon Steven Steele. *See United States v. Morris*, 131 F.3d 1136, 1138 (5th Cir. 1997). Although Drones disputes the district court's finding that he attempted to wrestle the firearm away from Duncan, he has failed to produce any evidence to the contrary to demonstrate that the presentence report was inaccurate. *See United States v. Brown*, 54 F.3d 234, 242 (5th Cir. 1995); *United States v. Lage*, 183 F.3d 374, 383 (5th Cir. 1995). Thus, applying § 2A2.2 to set the base offense level was proper. Because Drones threatened the use of a

2

dangerous weapon by attempting to gain control of Duncan's firearm, the district court did not err in enhancing Drones's sentence in accordance with § 2A2.2(b)(2)(C).

AFFIRMED.